Not for Publication                                                                                          (Docket Entry No. 5)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ROMAN RESTORATION, INC., | |
| Plaintiff, | Civil No. 07-2991 (RBK) |
| v. | **OPINION** |
| OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA LOCAL #8, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendant Operative Plasterers and Cement Masons International Association Local 8 ("Local 8") and Defendant union officials Thomas Kilkenny, Jr. and William T. Taylor (collectively, "Defendants"). Defendants seek partial dismissal of the complaint filed by Plaintiff Roman Restoration, Inc. ("Roman"). For the reasons that follow, the Court grants Defendants' motion and dismisses Count I against Defendants Kilkenny and Taylor and dismisses Counts II and III in their entirety.

**I.      BACKGROUND**

The Court accepts the facts alleged in the Complaint as true for consideration of this motion. Local 8 is a Philadelphia-based chapter of the Operative Plasterers' & Cement Masons'

1

International Association of the United States and Canada, a union representing trained plasterers and cement masons. (Compl. ¶ 2.) Thomas Kilkenny, Jr. and William T. Taylor are the business manager and the business agent of Local 8. (Compl. ¶¶ 3,4.) Roman Restoration is a contractor in the plastering industry that sometimes contracts with general contractors subject to union agreements and sometimes contracts with general contractors unaffiliated with a union. (Compl. ¶ 11.) On other occasions, Roman does open shop work available to both union and nonunion subcontractors. Roman does not have a collective bargaining agreement with Local 8 or any other union. Local 8 and a local chapter of the Bricklayers union, Local 2, both claim territorial and type of work jurisdiction in the region where Roman operates. (Compl. ¶ 13.) When Roman works on a union project, it typically subcontracts the plastering work to a union contractor who has a collective bargaining agreement with the Bricklayers rather than with Local 8. (Compl. ¶ 14.)

  According to Roman, Local 8 has used a variety of tactics to attempt to coerce Roman into signing a collective bargaining agreement with Local 8. (Compl. ¶ 22.) This coercion has included threats of violence to persons and property, picketing at job sites, and secondary boycotts. (Compl. ¶23.) Some of these actions have resulted in third parties being discouraged from doing business with Roman. Roman previously sued Local 8 in 2002, asserting unfair labor practices. (Compl. ¶¶ 15-17.) After that litigation ended in a settlement without any admissions of liability, Local 8 renewed its efforts to coerce Roman into signing a collective bargaining agreement. (Compl. ¶ 19.) Roman alleges it has sustained damages and losses in the form of lost profits as a result of Local 8's actions. (Compl. ¶ 33.)

  Roman filed an action in this Court on June 27, 2007. The Complaint alleges violations

of the National Labor Relations Act, federal antitrust laws, and the federal RICO statute.  See 15 U.S.C. § 1; 29 U.S.C. § 187(b); 18 U.S.C. § 1964.  Defendants filed the present motion seeking partial dismissal of the Complaint on September 28, 2007.

## II.     STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court may not grant a motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

## III.    DISCUSSION

### A.     Count I:  NLRA Claim

Roman agrees with Local 8 that its claim under the National Labor Relations Act cannot be maintained against individual union officers or members.  (Pl.'s Br. in Opp'n at 1.)  This count is dismissed as against Defendants Thomas Kilkenny, Jr. and William T. Taylor but remains as against Local 8.

### B.     Count II: Antitrust Claim

Local 8 argues that Roman's Complaint fails to allege any conduct that would bring it within the ambit of federal antitrust law.  Roman contends that the Complaint does properly plead antitrust violations.

Unions are generally exempt from federal antitrust laws, having both statutory and non-

statutory immunity from antitrust actions.  Allen Bradley Co. v. Local Union No. 3, Int. Bhd. of Elec. Workers, 325 U.S. 797, 801-05 (U.S. 1945).  The statutes detailing labor's immunity declare that labor unions are inherently not conspiracies in restraint of trade covered by antitrust laws, and the non-statutory exemptions are designed to additionally protect labor activities in furtherance of collective bargaining.  Connell Constr. Co., Inc. v. Plumbers and Steamfitters Local Union No. 100, 421 U.S. 616, 621-22 (1975).   However, this immunity is not absolute.  When a union joins and acts in combination with a third non-labor party, it forfeits its statutory immunity and becomes subject to potential antitrust violations.  See Altemose Constr. Co. v. Bldg. and Constr. Trades Council of Phila., 751 F.2d 653, 658-59 (3rd Cir. 1985).  The key is the agreement between the labor organization and the non-labor party–indeed, the Supreme Court has recognized that "the same labor union activities may or may not be in violation of the [antitrust laws], dependent upon whether the union acts alone or in combination with business groups."  Allen Bradley, 325 U.S. at 810.  A plaintiff alleging that a union committed antitrust violations must therefore allege that some agreement between the union and a third party.  "Absent agreement, there is no concert of action with a non-labor party, and thus no possibility of antitrust liability."  C & K Coal Co. United Mine Workers of America, 704 F.2d 690, 699 (3rd Cir. 1983).  The question for the Court is whether Roman has alleged the existence of an agreement between Local 8 and a non-labor party.

 A review of the Complaint reveals that Roman has not alleged that Local 8 formed an agreement with any non-union party.  Instead, the Complaint alleges that Local 8 has taken actions including "the use of threats and violence" directed at "persons and property of others with whom Roman does business" in an attempt to discourage those other persons from doing

4

business with Roman, all in an attempt to coerce Roman into signing a collective bargaining agreement. (Compl. ¶¶ 20, 21, 23.) This case is not like Altemose, where the union groups sought to have non-labor businesses sign agreements obliging them to refrain from subcontracting to non-union subcontractors. Altemose, 751 F.2d at 655. Rather than seek agreements, Local 8 allegedly picketed other businesses or threatened them. Alleging these actions between Local 8 and non-labor parties cannot equate alleging entering into an agreement with them.

Because Roman has not alleged that Local 8 entered into an agreement with a non-labor party, Local 8 is still entitled to statutory exemption from the antitrust laws. Even if Roman had alleged an agreement, Local 8 could still have potentially found refuge in the non-statutory exemption if the agreement had related to a legitimate labor objective such as collective bargaining. Connell, 421 U.S. at 622 (citing Meat Cutters v. Jewel Tea Co., 381 U.S. 676 (1965)). Because Roman has not alleged any facts that would bring Local 8 within the coverage of the antitrust prohibitions, Count II is dismissed.

### C. Count III: RICO Claim

Local 8 argues that Roman has not properly alleged a RICO violation because there are no allegations that Local 8 attempted to obtain Roman's property. Roman responds that Local 8 committed extortion and caused Roman to lose three jobs. Roman also asks for permission to amend the Complaint to specifically include the loss of these three jobs.

Liability under RICO requires a finding that the defendant committed at least two of the predicate acts enumerated in 18 U.S.C. § 1961. Roman has alleged that Local 8 committed extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, and N.J.S.A. § 2C:20-5.

The Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The New Jersey statute pled defines the crime of theft by extortion, which is "purposefully and unlawfully obtain[ing] property of another by extortion." N.J.S.A. § 2C:20-5.

The United States Supreme Court, while not defining the "outer boundaries of extortion liability under the Hobbs Act," has held that, to violate the statute, the plaintiff's property must actually be obtained. Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 402-03 (2003). In Scheidler, the Court was required to determine whether the actions of anti-abortion protestors preventing access to clinics, causing property damage, and committing criminal trespass could constitute extortion and thus a predicate act under RICO. The Court said no, reasoning that:

> Petitioners may have deprived or sought to deprive respondents of their alleged property right of exclusive control of their business assets, but they did not acquire any such property. Petitioners neither pursued nor received "something of value from" respondents that they could exercise, transfer, or sell. To conclude that such actions constituted extortion would effectively discard the statutory requirement that property must be obtained from another, replacing it instead with the notion that merely interfering with or depriving someone of property is sufficient to constitute extortion.

Scheidler, 537 U.S. at 405 (citations omitted).

The requirement that the defendant "obtain" the property is thus an essential element of an extortion claim. Roman does not allege that Local 8 obtained any of Roman's property; at most, Roman alleges that Local 8 improperly coerced or attempted to coerce it to do something to which it was not otherwise inclined. But coercion, as the Supreme Court observed in Scheidler, is not extortion, and it is not a violation of the Hobbs Act. Id. at 407-408. Local 8

6

may have attempted to coerce Roman, but it has not attempted to obtain Roman's property.

Roman argues that it is sufficient that Local 8 put Roman in fear of economic loss. Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 503 (3d Cir. 1998).  While Roman is correct that fear of economic loss does satisfy the requirement that the defendant induce "by wrongful use of threatened force, violence, or fear," Roman does not go on to allege that Local 8 was then able to obtain Roman's property as a result of inducing that fear.  Roman's allegations that Local 8 committed acts of violence or property damage in its attempts to force Roman into collective bargaining are similarly insufficient for a claim under the Hobbs Act.  The alleged violence or threats of violence must be related to an attempt to obtain another's property to constitute actionable extortion, and violence committed or threatened in furtherance of legitimate labor objectives, such as the pursuit of collective bargaining, is not covered by the Hobbs Act.  Scheidler v. Nat'l Org. for Women, Inc., 547 U.S. 9, 17 (2006); United States v. Enmons, 410 U.S. 396, 408-11 (1973).

Roman attempts to surmount Local 8's motion by informing the Court that Local 8's threats and secondary picketing have caused it to lose three jobs.  Facts relating to those jobs were not included in the Complaint, and Roman requests leave to amend to plead the specific details.  (Pl.'s Br. at 7.)  Adding these facts, however, does not resolve the problem.  Even if Local 8's actions did interfere with Roman's business relations with third parties and cause Roman to lose an expected job, Local 8 obtained none of Roman's property as a result.  See also Drux v. Boro of Manasquan, Civ. No. 05-4088, 2006 WL 1098029, *6 (D.N.J. Apr. 3, 2006) ("Even if, as alleged here, the Defendants' conduct interfered with, disrupted, and 'in some instances completely deprived' [plaintiff] of his ability to exercise his property rights and operate

his law office–such acts do not constitute extortion under § 1951 because Defendants did not 'obtain' [plaintiff's] property.") (internal citation omitted).

The Court concludes that because Roman does not allege that Local 8 obtained any of its property, it has not stated a violation of the Hobbs Act. Roman also cannot state a violation of the New Jersey crime of theft by extortion because that criminal statute similarly requires that the defendant obtain the plaintiff's property. Without any properly pled any predicate acts, Roman's RICO claim must be dismissed.

### IV.  CONCLUSION

Roman agrees that Count I cannot be pled against the individual defendants, and so that count is dismissed as to Kilkenny and Thomas. Because Roman has not alleged that Local 8 entered an agreement with any other non-labor parties, Count II must be dismissed, and Count III is dismissed because Roman has not alleged that Local 8 obtained any property in violation of the Hobbs Act. Counts II and III are dismissed in their entirety. Count I remains against Local 8. An accompanying order will issue today.


Dated:      6/30/2008                                    /s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge